# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GERALD MITCHELL,

                Appellant,

           v.

OFFICE OF PERSONNEL
    MANAGEMENT,

                Agency.

DOCKET NUMBER
AT-0831-14-0611-I-1

DATE: February 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gerald Mitchell</u>, Memphis, Tennessee, pro se.

<u>Angerlia D. Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his disability retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    On September 17, 2013, the Office of Personnel Management (OPM) approved the appellant's application for disability retirement. *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0841-14-0365-I-1, Initial Appeal File, Tab 22 at 6-8. On March 18, 2014, the appellant filed the instant appeal concerning the processing of his application for that disability retirement annuity. Initial Appeal File (IAF), Tab 1 at 5. The administrative judge issued an order to the parties, which advised the appellant of his burden of proof regarding jurisdiction. IAF, Tab 14 at 1-3. After the appellant requested an extension, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.[2] IAF, Tabs 15-16, Tab 17, Initial Decision (ID)

---

[2] We find that the administrative judge erred by not issuing a ruling on the appellant's request for an extension. *See Long v. Department of the Navy*, 32 M.S.P.R. 438, 440 (1987). However, the appellant has not shown that an extension would have enabled him to provide additional evidence or argument establishing Board jurisdiction over his claims below, and has not provided such evidence or argument on review, and therefore the administrative judge's failure to rule on his request does not constitute reversible error. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984)

at 2-3. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

### The Board lacks jurisdiction because OPM has not issued a reconsideration decision regarding the appellant's disability retirement annuity calculations.

¶3        On petition for review, the appellant alleges that, "the agency has failed and/or refused to correct the commencing date of his disability retirement annuity to his last day of pay." PFR File, Tab 2 at 3. He did not challenge OPM's annuity calculations below. *See* IAF Tabs 1, 4-10. Instead, he alleged that "under the watch of OPM," his employing agency improperly completed, or failed to complete, an OPM Standard Form 3112D, Agency Certification of Reassignment and Accommodation Efforts. IAF, Tab 1 at 5. He also alleged below that OPM refused (1) to properly advise him of his rights and benefits regarding eligibility for both disability retirement and discontinued service retirement, and (2) to correct his retirement date.[3] IAF, Tab 8 at 3. The administrative judge found that the Board lacks jurisdiction because OPM had not issued a reconsideration decision. ID 2-3. We agree.[4]

---

(adjudicatory error which is not prejudicial to a party's substantive rights is not reversible error).

[3] The appellant alleged below that OPM refused to process his health insurance. IAF, Tab 8 at 3. However, OPM's decisions concerning its administration of health benefits are not reviewable by the Board. *See Oppenheim v. Office of Personnel Management*, 51 M.S.P.R. 255, 257 (1991).

[4] The appellant alleged below and on review that OPM failed to respond to his discovery request. IAF, Tab 7 at 3, Tab 9 at 3; PFR File, Tab 4 at 3. The administrative judge did not rule on the appellant's motion to compel discovery, which did not meet the requirements of 5 C.F.R. § 1201.73, in that it was not accompanied by a statement that no response was received. *See* 5 C.F.R. § 1201.73(c)(1)(ii). Further, the appellant did not state how the discovery information sought was relevant and material. *See* 5 C.F.R. §§ 1201.72(a)-(b), .73(c)(1)(i). Because the appellant's motion to compel did not comply with the requirements of our regulations, the administrative judge's failure to rule on the motion was harmless error. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 30 (2007).

¶4        The Board generally lacks jurisdiction to consider the issue of OPM's annuity calculations if OPM has not issued a reconsideration decision on this matter.  *See Parkin v. Office of Personnel Management*, 103 M.S.P.R. 468, ¶ 9 (2006).  However, the Board has recognized an exception to this general rule where OPM has failed to render a decision.  *Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010).  The Board will take jurisdiction, even absent an OPM reconsideration decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue a reconsideration decision.  *Id.*

¶5        In the instant case, the Board lacks jurisdiction to consider the issue of the annuity calculations because OPM has not issued a reconsideration decision on this matter, and the evidence suggests OPM intends to issue such a decision.  *See* IAF, Tab 12 at 4-5.  OPM indicated below that it "needs time to finalize [the appellant's] disability annuity" because it "require[s] some extensive development and calculations" and that it was delayed by the need to issue a final decision regarding the appellant's separate discontinued service retirement application.  *Id.* at 5.  OPM also noted, "[a]s of now [it has] 4 different offices involved in his case adjudication and the appeal matter."  *Id.*  Thus, OPM responded to the appellant's assertions and identified the reasons why a reconsideration decision had not yet been issued.[5]

The Board does not have jurisdiction to adjudicate the appellant's claims of reprisal or violation of the Family and Medical Leave Act.

¶6        The appellant alleged below that OPM had "engaged in conspiracy but not limited to reprisal, among other things."  IAF, Tab 1 at 5.  On petition for review, he alleges retaliation by OPM.[6]  *See* PFR File, Tab 1 at 3-4.  He alleges that OPM

---

[5] Subsequent to OPM issuing a reconsideration decision, the appellant can file a new appeal with the Board if he is dissatisfied.

[6] The appellant seeks 57 million dollars to settle the appeal.  PFR File, Tab 1 at 4. However, because there is no jurisdiction over this appeal, we will not address his claim

is "still engaged in reprisal activities as well as other stuff and are in violation of his FMLA rights but not limited to his rights under the Rehabilitation Act and the Civil Rights Act." *Id.* at 3. Further, he argues that OPM has not required his employing agency to "accommodate and/or to reassign him and [he] believes the Board has jurisdiction over this matter." PFR File, Tab 3 at 3.

¶7 With certain exceptions not relevant here, prohibited personnel practices under 5 U.S.C. § 2302(b)(9) are not an independent source of Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Because the Board lacks jurisdiction over the appellant's disability retirement annuity, the Board also lacks jurisdiction over his allegations of reprisal and the agency's alleged failure to accommodate or reassign him.

¶8 The appellant raises a claim under the Family and Medical Leave Act of 1993 (FMLA) but does not provide any details regarding an alleged violation. Although the Board will adjudicate an alleged violation of FMLA in connection with a leave-related disciplinary action, it will not take action on an FMLA claim absent jurisdiction. *Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001). Because we find that we lack jurisdiction over the appellant's disability retirement claim, we decline to review his FMLA claim.

¶9 The appellant requested that the Board consolidate this appeal with his other appeals. IAF, Tab 8 at 3. To the extent that he was referring to *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0841-14-0365-I-1, and *Mitchell v. United States Postal Service*, MSPB Docket No. DA-3443-14-0350-I-1, we DENY his motion for joinder. In his appeal in MSPB Docket No. AT-0841-14-0365-I-1, the appellant alleges that OPM repeatedly "failed and/or refused" to issue a reconsideration decision regarding his application for a discontinued service retirement annuity. MSPB Docket No. AT-0841-14-0365-

for damages. *See Shelton v. U.S. Soldiers' & Airmen's Home*, 82 M.S.P.R. 695, ¶ 10 (1999).

I-1, Initial Appeal File, Tab 1 at 3-4. In his appeal in MSPB Docket No. DA-3443-14-0350-I-1, the appellant is challenging the alleged failure of the U.S. Postal Service to provide insurance. MSPB Docket No. DA-3443-14-0350-I-1, Initial Appeal File, Tab 1. Both appeals are pending before the Board on petition for review.

¶10      Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and when joinder would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). In the instant case, joining this appeal with the appeal in MSPB Docket No. AT-0841-14-0365-I-1 would not expedite processing of the appeals because we are remanding that appeal, as noted in our separate Order in that case. Further, joining this appeal with the appeal in MSPB Docket No. DA-3443-14-0350-I-1 would not be appropriate because there is no evidence that the U.S. Postal Service ever requested to intervene in this proceeding. *Cf. Holser v. Office of Personnel Management*, 72 M.S.P.R. 247, 251 (1996) (finding no error by the administrative judge in not combining a disability retirement claim with an involuntary resignation claim because disposition of one did not affect the other).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.